01 JUN 1987  12:56

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

JOAQUIN C. BABAUTA,                )        CIVIL ACTION NO.   86-797
et al.,                            )
                                   )
            Plaintiffs,            )
                                   )
        vs.                        )
                                   )
MARIA B. VALDEZ, et al.,           )
                                   )        ORDER AND OPINION
            Defendants.            )
                                   )
_____)

        This matter came on for hearing on Plaintiffs' Motion for Default Judgment on Liability this 27th day of May, 1987.  The Court has reviewed the pleadings and authorities and hereby makes the following findings of fact:

        1.  Plaintiffs Mr. and Mrs. Joaquin Babauta filed a complaint for damages on October 10, 1986 arising from construction deficiencies in their new home.

        2.  The defendants named in the complaint include Maria B. Valdez and Eleno G. Valdez, contractors, their construction companies which supplied materials and performed the work and the Farmer's Home Administration (FmHA) and Mariana Islands Housing

Authority (MIHA), government agencies involved in financing the construction and holding the mortgage.

3. Defendant MIHA removed the case to federal court, whereupon the Plaintiffs and Defendant FmHA entered into a stipulation. Defendant FmHA was dismissed from the case pursuant to the stipulation and the matter was remanded to the Commonwealth Trial Court by order dated December 17, 1986.

4. The Commonwealth Trial Court Clerk entered the default of Defendants Valdez and their companies on February 6, 1987 because they failed to answer or otherwise defend.

5. Plaintiffs Mr. and Mrs. Babauta filed their Motion for Default Judgment on Liability on May 12, 1987 and served MIHA, the only remaining Defendant who has appeared in the action.

6. All factual allegations of the complaint are true and the Court finds as fact that Defendants Valdez and their businesses have breached the contract for construction of Plaintiffs' house, have breached the express written warranty, have breached an implied warranty of habitability, have violated the provisions of the Magnuson-Moss Act and have violated 33 TTC §351 et seq. all as set forth in the complaint.

## CONCLUSIONS OF LAW

7. The Court concludes that the motion is properly before it, the case having been remanded after removal to the federal court and no service on Defendants Valdez being necessary due to their failure to appear in the case.

8. The Court concludes that all claims raised by the complaint are cognizable in the CNMI Courts and the findings of fact require the legal conclusion that Defendants Valdez and their companies are liable for damages to Plaintiffs on all claims set forth in the Complaint.

9. Specifically the Court concludes that there is a common law implied warranty of habitability that protects purchasers and owners of newly-constructed homes. The Court reaches this conclusion based on the authorities cited by Plaintiffs, which include the following:

| | | |
|---|---|---|
| California | : | Pollard v. Saxe & Yolles Development Co., 525 P.2d. 88 (Sup. Ct. Calif. 1974). |
| Illinois | : | Redarowicz v. Ohlendorf, 92 Ill. 171, 441 NE 2d. 324 (Sup. Ct. Ill. 1982). |
| New Jersey | : | McDonald v. Mianecki (Sup. Ct. N.J. 1979), affirming 159 N.J. Super. 1 (1978). |
| | | Schipper v. Levitt & Sons, Inc., 44 N.J. 70, 207 A 2d. 314 (Sup. Ct. N.J. 1965). |
| South Dakota | : | Sedlmajer v. L.E. Jones, (Sup. Ct. S.D. 1979). |

Shedd, "The Implied Warranty of Habitability, New Implications, New Applications", 8 Real Estate Law Journal 291 (1980).

10. Specifically, the Court concludes that the Manuson-Moss Act, 15 USC §2301 et seq applies in the CNMI. The Court reaches this conclusion after consideration of the NMI Commission on Federal Laws, 2d Interim Report, p. 373 (1985).

Wherefore, it is the order of this Court that Plaintiffs be and hereby are awarded judgment as to liability against Maria B. Valdez and Eleno G. Valdez individually and dba M&L Construction

Co., Mary and Lin Construction Co., Valdez Construction Co., M&L Hollow Block Product and Mary & Lin Hollow Blocks Production, Defendants on each and every claim in the complaint. Damages will be determined upon further motion and hearing.

IT IS SO ORDERED.